# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO SUPPRESS** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:14-cr-048 |
| Randy Scott Skarda, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Randy Scott Skarda, has been charged with the offenses of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846, distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), possession of a short-barreled rifle in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and possession of a firearm by a drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). See Docket No. 2. Skarda filed a motion to suppress on July 23, 2014. See Docket No. 24. He seeks an order suppressing all physical evidence seized during the search of his residence. The Government filed a response in opposition to the motion on August 6, 2014. See Docket No. 29. An evidentiary hearing was held on September 10, 2014. For the reasons set forth below, the Court denies the motion.

I.  **BACKGROUND**

On October 7, 2013, FBI Special Agent Chad Coulter applied for a search warrant for property near Keene, North Dakota. The warrant application listed the premises to be searched

1

as 10952 32nd Street Northwest, Keene, North Dakota, and included a residential building, outbuildings and vehicles on the premises. See Docket No. 26-2. In the accompanying affidavit, Agent Coulter stated he was applying for a search warrant for property associated with Randy Skarda at 10952 32nd Street Northwest, Keene, North Dakota. See Docket No. 26-1, ¶3. Agent Coulter said the driver's license and motor vehicle information from the North Dakota Department of Transportation listed Skarda's residence as 10952 32nd Street Northwest, Keene, North Dakota. See Docket No. 26-1, ¶ 15. In his affidavit, Agent Coulter provided a physical description of the location to be searched. See Docket No. 26-1, ¶ 8. This information had been provided to Agent Coulter by Lynn Starr, who indicated she had obtained methamphetamine from Skarda at his residence over the course of the past year. The description of the property noted it possibly belonged to Skarda's parents, with the house being a one-bedroom metal structure that is not painted but with water and electricity running to it. The description noted some construction was occurring to the residence, more specifically that a foundation had been poured and new walls constructed, and with insulation and finished woodwork. The description further noted there was a large metal garage or quonset next to the house and equipment about the property. Agent Coulter requested to search the premises for methamphetamine and other items associated with drug trafficking, including cell phones and media storage devices. Magistrate Judge Karen K. Klein signed the search warrant at 4:15 p.m. on October 7, 2013, listing 10952 32nd Street Northwest, Keene, North Dakota, as the premises to be searched. See Docket No. 26-4.

Prior to executing the search warrant, and while meeting and debriefing with other law enforcement officers at a convenience store near Keene, North Dakota, FBI Special Agent Coulter learned that Skarda actually lived at 10841 28th Street Northwest, Keene, North Dakota.

See Docket No. 29-1, pp. 6-7. The 10952 32nd Street Northwest, Keene, North Dakota, address is that of Skarda's parents. Agent Coulter was informed of this fact by McKenzie County Deputy Sheriff Matt Johansen. Deputy Johansen lived in the same general area as the Skarda family, and he was familiar with the farmstead where Randy skarda lived. Agent Coulter then contacted federal court staff at approximately 6:02 p.m. on October 7, 2013, to inform the Court of the new information regarding the address. Court staff connected Agent Coulter to Judge Klein by telephone at 6:16 p.m. After being placed under oath by Judge Klein, Agent Coulter informed Judge Klein that the address on the search warrant application and search warrant was incorrect and the correct address was actually 10841 28th Street Northwest, Keene, North Dakota. See Docket No. 26-6. Judge Klein verbally authorized Agent Coulter to change the address on the warrant from 10952 32nd Street Northwest, Keene, North Dakota, to 10841 28th Street Northwest, Keene, North Dakota, every time it appeared in the warrant. Agent Coulter made the changes in his own handwriting and initialed those changes. The conversation between Agent Coulter and Judge Klein was not recorded. The scenario of events as described by FBI Special Agent Coulter above were confirmed by FBI Special Agent Bruce Bennett who testified at the suppression hearing on September 10, 2014. Agent Bennett traveled with McKenzie County Deputy Sheriff Matt Johansen out to 10841 28th Street Northwest in Keene, who then confirmed the address was indeed the residence of Randy Skarda. This all occurred before the search warrant was revised and executed.

The search warrant was then executed on Skarda's property at 10841 28th Street Northwest, Keene, North Dakota, at 6:58 p.m., October 7, 2013. See Docket No. 26-5. The search concluded at approximately 12:23 a.m. on October 8, 2013. A copy of the search warrant was left at the residence. See Docket No. 29-2.

On October 10, 2013, Judge Klein issued a "Supplement to Search Warrant" wherein she recited the events which lead to the address changes being made to the search warrant. See Docket No. 26-6. In her supplement, Judge Klein incorrectly noted the request for the change to the search warrant occurred on October 8, 2013, when in fact the request had occurred on October 7, 2013.

On October 25, 2013, the Government filed a motion pursuant to Rule 36 of the Federal Rules of Civil Procedure seeking to correct the "Supplement to Search Warrant" issued by Judge Klein on October 10, 2013, so it accurately reflected the precise date Agent Coulter contacted the court concerning the requested address change to the search warrant and application. See Docket No. 29-1. Judge Klein granted the motion and ordered the "Supplement to the Search Warrant" be amended to reflect that the contact between Agent Coulter and the Court actually occurred on October 7, 2013. See Docket No. 29-3.

As noted, Skarda has been charged with distribution of methamphetamine (Count One), conspiracy to distribute and possess with intent to distribute methamphetamine (Count Two), distribution of cocaine (Count Three), possession of a short-barreled rifle (Count Four), and possession of a firearm by an unlawful user of a controlled substance (Count Five). He filed a motion to suppress evidence found during the October 7, 2013, search of his premises at 10841 28th Street Northwest, Keene, North Dakota. He contends the warrant was not supported by probable cause and the failure to record the October 7, 2013, conversation between Agent Coulter and Judge Klein violates Rules 4.1 and 41 of the Federal Rules of Criminal Procedure.

## II. LEGAL DISCUSSION

The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV; see also United States v. Jones, 269 F.3d 919, 924 (8th Cir. 2001). The United States Supreme Court has made it clear the Fourth Amendment establishes a "reasonableness" standard. "The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'" Pa. v. Mimms, 434 U.S. 106, 108-09 (1977) (quoting Terry v. Ohio, 392 U.S. 1, 19 (1968)).

### A. PROBABLE CAUSE

Skarda contends the warrant was not based upon particularized probable cause because the information provided in FBI Special Agent Coulter's affidavit supported a search of the 10952 32nd Street Northwest address rather than the 10841 28th Street Northwest address. The Government contends Agent Coulter's affidavit was sufficient to establish a nexus between drug trafficking, Skarda, and the 10841 28th Street Northwest address. In addition, the Government contends Agent Coulter acted in good faith when he relied upon search warrant.

The Fourth Amendment requires that law enforcement officers secure a warrant based upon a finding of probable cause by a neutral and detached magistrate before conducting a search. United States v. Montes-Medina, 570 F.3d 1052, 1059 (8th Cir. 2009). Probable cause exists if the warrant application and the officer's affidavit demonstrate a fair probability that contraband or evidence of a crime will be found in a particular place. Id. "Probable cause is 'a fluid concept – turning on the assessment of probabilities in particular factual contexts – not

readily, or even usefully, reduced to a neat set of legal rules.'" Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998) (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)). A practical common sense determination relying on the totality of the circumstances is called for in making a probable cause determination. United States v. Carter, 413 F.3d 712, 714 (8th Cir. 2005). Once a judicial officer has issued a search warrant based upon a finding of probable cause, "that finding deserves great deference." Walden, 156 F.3d at 870.

In this case, the typographical error in the search warrant was corrected before the warrant was ever executed. (emphasis added). Agent Coulter, along with other state and federal law enforcement officers, executed the corrected search warrant on Skarda's residence at 10841 28th Street Northwest, Keene, North Dakota, at 6:58 p.m. on October 7, 2013.

The Court has carefully reviewed the affidavit of Agent Coulter submitted along with the search warrant application and finds the affidavit was more than sufficient for a finding of probable cause. The affidavit referred to property associated with Randy Skarda. See Docket No. 26-1, ¶ 3. Skarda's address was listed incorrectly in the affidavit because North Dakota Department of Transportation records listed him as living at the 10952 address rather than the 10841 address. Much of the information contained in the affidavit was obtained from Lynn Starr who frequently purchased methamphetamine from Skarda. See Docket No. 26-1, ¶ 8. Starr indicated to Agent Coulter that Skarda resided in a rural area near Keene, North Dakota. She described the property as one bedroom unpainted metal structure with ongoing renovations including a new foundation with walls and partially finished insulation and woodwork. Also located on the property was a large metal garage/quonset and various equipment. Starr provided agents with Skarda's telephone number which agents located in her cellular telephone along with records of incoming and outgoing telephone calls from Skarda's telephone number. CS-1

confirmed that Starr was a distributor of methamphetamine. See Docket No. 26-1, ¶ 4. CS-2 and CS-3 provided additional confirmation of Starr's role in the trafficking of methamphetamine in western North Dakota. See Docket No. 26-1, ¶¶ 11 and 12. CS-5 identified Skarda as the source of supply for the methamphetamine Starr sold. See Docket No. 26-1, ¶ 14. CS-5 stated that Starr would meet Skarda at his farm near Keene, North Dakota, to purchase methamphetamine for redistribution. See Docket No. 26-1, ¶ 14. CS-5 further stated that he/she had purchased methamphetamine from Skarda at his farm near Keene and there was a quonset on the property where he stored methamphetamine. See Docket No. 26-1, ¶ 14.

The descriptions of Skarda's rural property given by Starr and CS-5 were consistent with one another. The particularity requirement is satisfied when the warrant describes the place to be searched sufficiently so that the officer executing the warrant can locate and identify the premises with reasonable effort taking into consideration any probability that the wrong property might be searched. United States v. Gitcho, 601 F.2d 369, 371 (8th Cir. 1979). The Court finds the corrected warrant met this requirement. The error was noted prior to the execution of the warrant when local law enforcement officers with particularized knowledge of the Keene area conferred with FBI Special Agent Coulter. See Docket No. 29-4. Even if part of a description of the premises to be searched is inaccurate, where other parts identify the place to be searched with particularity, warrants are routinely upheld. Id. Once the warrant was corrected, no parts of it were inaccurate and the probable cause requirement was clearly met. The Court finds the premises to be searched were described with sufficient particularity and adequate probable cause existed to support the issuance of the search warrant authorized by Judge Klein. Thus, the Court concludes that suppression of the evidence seized is not warranted.

Further, even if probable cause did not exist to issue the warrant in this case, the "good faith exception" to the exclusionary rule announced in United States v. Leon, 468 U.S. 897 (1984), would save the evidence seized from being suppressed. There is no evidence in the record to suggest that FBI Special Agent Coulter failed to act in good faith, and he objectively and reasonably relied on the warrant approved by Judge Klein. See United States v. Carter, 413 F.3d 712, 715 (8th Cir. 2005) (refusing to suppress evidence where officers relied in objective good faith on a search warrant).

B.      **RULE 41**

Skarda also contends the failure to record the conversation between FBI Special Agent Coulter and Judge Klein on October 7, 2013, wherein Agent Coulter explained the address in the warrant was wrong, and Judge Klein authorized the handwritten changes, violates Rules 4.1 and 41 of the Federal Rules of Civil Procedure and requires suppression of all evidence seized. The Government acknowledges the conversation was not recorded but contends suppression is not the appropriate remedy for the violation.

Rule 41(d)(3) provides, "[i]n accordance with Rule 4.1, a magistrate judge may issue a warrant based on information communicated by telephone or other reliable electronic means." The relevant portion of Rule 4.1 provides as follows:

> (a) In General. A magistrate judge may consider information communicated by telephone or other reliable electronic means when reviewing a complaint or deciding whether to issue a warrant or summons.
>
> (b) Procedures. If a magistrate judge decides to proceed under this rule, the following procedures apply:

>    (1) Taking Testimony Under Oath. The judge must place under oath--and may examine--the applicant and any person on whose testimony the application is based.
>
>    (2) Creating a Record of the Testimony and Exhibits.
>
>       (A) Testimony Limited to Attestation. If the applicant does no more than attest to the contents of a written affidavit submitted by reliable electronic means, the judge must acknowledge the attestation in writing on the affidavit.
>
>       (B) Additional Testimony or Exhibits. If the judge considers additional testimony or exhibits, the judge must:
>
>          (i) have the testimony recorded verbatim by an electronic recording device, by a court reporter, or in writing;
>
>          (ii) have any recording or reporter's notes transcribed, have the transcription certified as accurate, and file it;
>
>          (iii) sign any other written record, certify its accuracy, and file it; and
>
>          (iv) make sure that the exhibits are filed.

Fed. R. Crim. P. 4.1

It is well-recognized the exclusionary rule does not apply to Rule 41 violations absent a constitutional violation, prejudice, or reckless disregard for the rules. United States v. Freeman, 897 F.2d 346, 349 (8th Cir. 1990) (refusing to suppress evidence where individual who sought the warrant was not a peace officer); United States v. Cazares-Olivas, 515 F.3d 726, 730 (7th Cir. 2008) (finding a Rule 41 violation did not justify the exclusion of evidence); United States v. Chaar, 137 F.3d 359, 363 (6th Cir. 1998) (refusing to suppress evidence on the basis of a violation of Rule 41). It is well-established that technical violations of Rule 41 do not require suppression. United States v. Stefanson, 648 F.2d 1231, 1235 (9th Cir. 1981).

The Eighth Circuit Court of Appeals "has repeatedly held the Fourth Amendment does not require the issuing judge to record sworn supplementary oral testimony." United States v. Cote, 569 F.3d 391, 392-93 (8th Cir. 2009). It is certainly preferable to record all supplementary oral testimony made in support of a search warrant, but any Fourth Amendment challenge based on the failure to do so fails. Id. Thus it is clear, based on the Eighth Circuit precedent, there was no Fourth Amendment violation in this case.

Skarda has neither demonstrated nor suggested that he was prejudiced by the failure to record the telephone conversation between FBI Special Agent Coulter and Judge Klein. A showing of prejudice would require evidence the search would not have occurred or would have been less abrasive if the rules had been followed. Freeman, 897 F.2d at 350. FBI Special Agent Coulter's affidavit described the property to be searched and Judge Klein had previously determined probable cause existed. Recording or not recording a conversation correcting an address does not implicate whether a search will occur or the manner in which it will occur. The alteration merely corrected the address and prevented error.

Skarda has also failed to demonstrate intentional or reckless disregard for the procedures set out in Rule 4.1. Rule 4.1 makes clear the responsibility for recording the conversation lies with the judicial officer. It was error not to record the conversation, but the error was not FBI Special Agent Coulter's and "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." United States v. Leon, 468 U.S. 897, 916 (1984). As a practical matter, recording the conversation would have been very difficult under the circumstances given the conversation occurred after normal court hours and while both participants were using cellular phones connected via a conference call initiated by court staff. There is simply no evidence the failure to record the conversation was anything but inadvertent.

The only change which occurred as a result of the conversation was the correction of the address to be searched. Further, Judge Klein issued a supplemental written order carefully documenting her telephone conversation with FBI Special Agent Coulter. See Docket No. 26-6. Based on a careful review of the record, and the totality of the circumstances presented, the Court finds that suppression of the evidence is unwarranted.

### III.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, the evidence presented at the suppression hearing, and relevant case law. For the reasons outlined above, the Court **DENIES** Skarda's motion to suppress (Docket No. 24).

**IT IS SO ORDERED**.

Dated this 19th day of September, 2014.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court